UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | |
|---|---|
| Mirjalol Shamshiev, on behalf of himself and others similarly situated in the proposed FLSA Collective Action, | Civil Action No.: |
| | 1:24-cv-04655 |
| Plaintiffs, | |
| vs. | ANSWER |
| Leon Bittleman, Demetri Lerner, Robert Pinkow, Spa 88 LLC and Wall Street Bath & Health Club, Inc. | |
| Defendants. | |

-----------------------------------------------------------------X

Defendants (collectively, "Defendants"), by and through their counsel, Brostowin & Associates, PC., hereby answer the Collective Complaint ("Complaint") of Plaintiff Mirjalol Shamshiev, individually and on behalf of all other employees similarly situated, and assert their Affirmative Defenses as follows:

## NATURE OF ACTION

1. Paragraph 1 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 1 are denied.

2. Paragraph 2 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 2 are denied.

1

## JURISDICTION AND VENUE

3. Deny knowledge and information as to the allegations contained in paragraph 3 of the Complaint.

4. Deny knowledge and information as to the allegations contained in paragraph 4 of the Complaint.

5. Deny knowledge and information as to the allegations contained in paragraph 5 of the Complaint.

## PLAINTIFF

6. Admit that Plaintiff was employed at 88 Fulton Street as alleged in paragraph 6 of the Complaint.

7. Deny the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 8 are denied.

## DEFENDANT (Spa 88 LLC)

9. Admit the allegations contained in paragraph 9 of the Complaint.

10. Admits the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 11 are denied.

12. Paragraph 12 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 12 are denied.

13. Admit the allegations contained in paragraph 13 of the Complaint.

14. Admit the allegations contained in paragraph 14 of the Complaint.

### DEFENDANT (Wall Street Bath & Health Club, Inc.)

15. Admit the allegations contained in paragraph 15 of the Complaint.

16. Admits the allegation contained in paragraph 16 of the Complaint.

17. Paragraph 17 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 17 are denied.

18. Paragraph 18 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 18 are denied.

19. Admit the allegations contained in paragraph 19 of the Complaint.

20. Admit the allegations contained in paragraph 20 of the Complaint.

### DEFENDANT (Leon Bittleman)

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in paragraph 22 are denied.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Paragraph 25 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 25 are denied.

### DEFENDANT (Demetri Lerner)

26. Denied the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 27 are denied.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 30 are denied.

### DEFENDANT (Robert Pinkow)

31. Denied the allegations contained in paragraph 31 of the Complaint.

32. Paragraph 32 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 32

are denied.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Paragraph 35 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 35 are denied.

### DEFENDANT (Joint Employers)

36. Admit the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegation contained in paragraph 42 of the Complaint.

43. Paragraph 43 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 43 are denied.

44. Deny the allegations contained in paragraph 44 of the Complaint.

## FACTUAL ALLEGATIONS

45. Defendants are without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in Paragraph 45 of the Complaint, and therefore they are deemed denied.

46. Defendants are without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in Paragraph 46 of the Complaint, and therefore they are deemed denied.

47. Admit that Plaintiff was employed at 88 Fulton Street as alleged in paragraph 47 of the Complaint.

48. Admit that Plaintiff was employed at 88 Fulton Street as alleged in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Admit the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Paragraph 59 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 59 are denied.

60. Paragraph 60 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 60 are denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

61. Paragraph 61 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 61 are denied.

62. Paragraph 62 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 62 are denied.

63. Paragraph 63 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 63 are denied.

64. Paragraph 64 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 64

are denied.

## FIRST CLAIM

### (FLSA — Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq.*)

65. Plaintiff incorporate by reference their allegations in paragraph 65 to the preceding paragraphs as if set forth at length herein.

66. Paragraph 66 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 66 are denied.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint.

## SECOND CLAIM

### (FLSA — Unpaid Overtime Wages, 29 U.S.C. § 201 *et seq.*)

69. Plaintiff incorporate by reference their allegations in paragraph 69 to the preceding paragraphs as if set forth at length herein.

70. Paragraph 70 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 70 are denied.

71. Admit the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint.

### THIRD CLAIM

### (NYLL — Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

75. Plaintiff incorporate by reference their allegations in paragraph 75 to the preceding paragraphs as if set forth at length herein.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint.

### FOURTH CLAIM

### (FLSA — Unpaid Overtime Wages)

79. Plaintiff incorporate by reference their allegations in paragraph 79 to the preceding paragraphs as if set forth at length herein.

80. Paragraph 80 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 80 are denied.

81. Admit the allegations contained in paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Paragraph 84 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 84 are denied.

## FIFTH CLAIM

### (FLSA — Spread of Hours Pay)

85. Plaintiff incorporate by reference their allegations in paragraph 85 to the preceding paragraphs as if set forth at length herein.

86. Paragraph 86 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 86 are denied.

87. Paragraph 87 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 87 are denied.

88. Paragraph 88 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 88 are denied.

## SIXTH CLAIM

### (NYLL WTPA — Failure to Provide Wage Notices)

89. Plaintiff incorporate by reference their allegations in paragraph 89 to the preceding

paragraphs as if set forth at length herein.

90. Admit the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint.

92. Paragraph 92 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 92 are denied.

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

93. Plaintiff incorporate by reference their allegations in paragraph 93 to the preceding paragraphs as if set forth at length herein.

94. Deny the allegations contained in paragraph 94 of the Complaint.

95. Paragraph 95 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 95 are denied.

## PAYER FOR RELIEF

**WHEREFORE,** Defendants denied that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clauses following paragraph 95 and respectfully request that the Court dismiss the Complaint in its entirety and enter judgment in their favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against answering Defendants upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of accord and satisfaction, release, waiver, and estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all employment decisions made with regard to Plaintiff were at all times motivated by legitimate, non-discriminatory and lawful factors, and answering Defendants at no time acted in an unlawful manner in connection with any decision regarding Plaintiff.

### FIFTH DEFENSE

Plaintiff's claims under the FLSA or NYLL are barred to the extent that he is not a qualified employee within the meaning of FLSA, U.S.C. §§206(a) and 207(a), 12 N.Y.C.R.R. § 190 (4) or NYLL § 2 and 651 and therefore has no standing to initiate this action and no right to any relief under the FLSA or NYLL.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of undue hardship.

**SEVENTH DEFENSE**

Plaintiff's claims under the FLSA or NYLL are barred to the extent that answering Defendants are not a qualified employer within the meaning of FLSA, 29 U.S.C. §206(a) and §207(a), 12 N.Y.C.R.R. §§ 190 and 651(5) and therefore has no standing to initiate this action and no right to any relief under the FLSA or NYLL.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the fact that answering Defendants established procedures reasonably designed, implemented, and enforced to be effective in preventing and detecting unlawful conduct such as that alleged by Plaintiff.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claims of damages, the existence of such damages being hereby denied.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by unclean hands and latches.

Respectfully submitted,

*/s/ Terry A. Brostowin*

Terry A. Brostowin, Esq.
Brostowin & Associates, PC
111 John Street, Suite 1640
New York, New York 10038

(212) 931-9694  
terrybrostowin@gmail.com  
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2024, I served a true and correct copy of the foregoing Answer to Plaintiff's Complaint via electronic filing with the Court's system for notice to all counsels of record.

*[signature]*
Terry A. Brostowin, Esq.